IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE | : | CIVIL ACTION |
| INSURANCE CO. et al., | : | NO. 03-6516 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEW HORIZONT, INC. et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          MAY 7, 2008

TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 3

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   The Notices of Deposition . . . . . . . . . . . . . 4
     B.   The April 2, 2007 Order . . . . . . . . . . . . . . 5
     C.   Questions About Bowles's Preparation . . . . . . . 7
     D.   Questions About Verification of
          Discovery Responses . . . . . . . . . . . . . . . . 9
     E.   Questions About Facts Supporting
          State Farm's Claims . . . . . . . . . . . . . . . . 10
     F.   Instructions Not to Answer . . . . . . . . . . . . 13
     G.   Procedural Posture . . . . . . . . . . . . . . . . 14

III. MOTIONS FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . 16
     A.   Legal Standard . . . . . . . . . . . . . . . . . . 16
     B.   Discussion . . . . . . . . . . . . . . . . . . . . 17
          1.   The "binding" effect of
               Rule 30(b)(6) testimony . . . . . . . . . . . 17
          2.   Bowles's Rule 30(b)(6) testimony . . . . . . . 20

IV.  MOTION TO COMPEL DEPOSITION TESTIMONY . . . . . . . . . 22
     A.   Legal Standard . . . . . . . . . . . . . . . . . . 22
          1.   Rule 37(a) motions to compel . . . . . . . . . 22

    2.    Rule 26(b)(3)(A) and protection of
          attorney work product . . . . . . . . . . .    23
    B.  Discussion . . . . . . . . . . . . . . . . . .    23

V.    SANCTIONS: FAILURE TO PREPARE RULE 30(B)(6) WITNESS  . .    28
    A.  Legal Standard . . . . . . . . . . . . . . . .    29
        1.    Duty to prepare under Rule 30(b)(6) . . . . .    29
        2.    Sanctions pursuant to Rule 37(b) and (d) . . .    30
    B.  Discussion . . . . . . . . . . . . . . . . . .    32
        1.    Violation of Rule 37(b)(2)(A)  . . . . . . .    32
        2.    Determination of an appropriate sanction . . .    35

VI.   SANCTIONS: VERIFICATION OF DISCOVERY RESPONSES . . . . .    37
    A.  Rule 26(g) . . . . . . . . . . . . . . . . . .    37
    B.  Rule 37(d) . . . . . . . . . . . . . . . . . .    40
    C.  Rule 33(b) and 34(b) . . . . . . . . . . . . .    43
        1.    Rule 33(b) . . . . . . . . . . . . . . . .    43
        2.    Rule 34(b) . . . . . . . . . . . . . . . .    45

VII.  CONCLUSION . . . . . . . . . . . . . . . . . . .    46

I.   INTRODUCTION

        State Farm Mutual Automobile Insurance Co. and State
Farm Fire and Casualty Co. ("State Farm") brought suit against
certain health-care providers ("Defendants"), alleging that
Defendants carried out a fraudulent scheme to obtain payment for
injuries allegedly caused by State Farm insureds.  As ordered by
the Court, Defendants conducted a deposition of State Farm's
corporate designee, Austin Bowles, pursuant to Federal Rule of
Civil Procedure 30(b)(6).  A myriad of issues has arisen in
connection with the preparation for and conduct of the
deposition, as well as the witness's inability to recall certain
information, including information contained in discovery
responses which he had verified on behalf of the corporate
Plaintiffs.  These issues are now before the Court in the form of
Defendants' motions for summary judgment, to compel additional
Rule 30(b)(6) deposition testimony, and for sanctions.  For the
reasons that follow, the motions will be granted in part and
denied in part.


II.  BACKGROUND

        On December 1, 2003, State Farm brought claims against
Defendants for, inter alia, common-law fraud, statutory insurance
fraud, and violations of the Racketeer Influenced Corrupt
Organizations Act ("RICO").  On May 14, 2007, nearing the end of

-3-

a discovery period protracted by numerous discovery disputes between the parties, the Court ordered the deposition of State Farm's Rule 30(b)(6) designee to take place.

     A.   <u>The Notices of Deposition</u>

        Defendants served four notices of deposition on State Farm pursuant to Rule 30(b)(6).  The notices, which are substantially identical, name State Farm as the deponent and attach an exhibit describing the topics of examination.  The exhibit first limits the scope of the notice by listing the specific patients or billing numbers to which the deposition questions will pertain.  Then, with respect to the bills and records pertaining to the listed patients or billing numbers, the exhibit provides 19 topics of examination.  These include the following:

    (a)   The reasons State Farm believes each or all bills are fraudulent;

    (b)   The reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records;

    (c)   The reasons State Farm believes that treatment was not prescribed by a doctor;

    (d)   The reasons State Farm believes that durable medical equipment that was given to the patient was not necessary;

    (e)   The reasons State Farm believes that treatments were provided by unlicensed personnel;

    (f)   The reasons State Farm believes treatment was

-4-

provided without a doctor at the office and/or
without doctor supervision;

(g)   The date of its mailing, if mailed, for each bill
or claim which is allegedly fraudulent;

(h)   For each bill or claim which is allegedly
fraudulent, who is the company and person(s), if
known, who mailed each bill or claim . . . .

Northeast Aqua Defts.' Mot. for Summ. J. (doc. no. 338), Ex. 3.


B.   The April 2, 2007 Order

After receiving the first two notices of deposition,
State Farm moved for a protective order.  The motion sought an
order limiting the deposition notices, arguing that they sought
information that was duplicative of written discovery already
produced and that they were unduly burdensome.  See Plfs.' Mot.
for Protective Order (doc. no. 291).

After an April 2, 2007 hearing on the record, the Court
denied the motion for a protective order and ordered the parties
to proceed with the Rule 30(b)(6) deposition.  See Order, Apr. 2,
2007; Hr'g Tr. 28, Apr. 2, 2007.  At the hearing, the Court
provided detailed guidance to the parties:

Now, oral discovery should not simply seek to
obtain orally that which a party has produced in
writing.  So, we are not going to validate depositions
in which somebody is asked to simply regurgitate that
which has already been produced in writing.  However, a
party who has received written production is entitled
to explanations of the information produced, including
how the information was gathered, by whom, whether or
not the party adopts that information, where the
information came from, whether there is some additional

-5-

<u>information</u>.  So, for example, [counsel for State Farm]
gave us a number of answers which seemed to be
reasonable, but [counsel] is not State Farm.  He is a
lawyer, and I think the parties are entitled to have
those answers over record, and also to be able to
determine whether there is some additional information,
or to explain the information that has been provided.

Now, <u>in a case such as this, involving</u>
<u>thousands of documents, particularly documents which</u>
<u>are documents that reflect their business transactions,</u>
<u>no witness or series of witnesses can know each one of</u>
<u>the documents, but at least a business practice can be</u>
<u>inquired into, and to what extent is the production</u>
<u>consistent with that business practice</u>.  For example,
dates on which mailings were made, it seems to me
reasonable to ascertain what is State Farm's position
concerning that.  Is it the date in which the check
that they issue is generated, or what is . . . their
view as to what that particular date is about.

Now, State Farm is not required to deal with
the [Rule 30(b)(6) deposition] as if it were
interrogatories.  That is, they can point to documents
which contain the information, as long as [the
designee] does so with some particularity.  <u>He can't</u>
<u>simply say well, well go and look at the depositions,</u>
<u>all of the answers are there.  But, he can point to</u>
<u>prior interrogatories.  He can point to prior</u>
<u>depositions.  He can point to checks in the spirit of</u>
<u>providing guidance where the information may be sought.</u>

So, we're trying to strike a balance between
the right of the defendants to ascertain and determine
the nature of the allegations that are made against
them, and on the other hand, State Farm can't do the
work of the defendants themselves.  So, I think that we
will proceed on that basis.  We will go forward with
the deposition of one or more [Rule 30(b)(6)]
deponents, and the defendants are entitled to test the
answers that they were provided.  <u>Some of the answers</u>
<u>may be by way of directing them to other documents.</u>
<u>Some of the answers may be directing them to opinions</u>
<u>of counsel.  Some of their answers may be directing</u>
<u>them to . . . previously answered interrogatories, and</u>
<u>some of them may be directing them to the claim file</u>
<u>for that particular case, but at least they know where</u>
<u>to go. . . .  [D]efendants shouldn't be just left to</u>

-6-

> roam through this discovery attempting to find that.
> So, either answers or a road map to where the answers
> lie, that's the bottom line for these questions.

Hr'g Tr. 28-30. (emphases added).  In short, the Court ordered
the Rule 30(b)(6) deposition to proceed, required that the
deponent provide at least a "road map" to navigate the large
amount of written discovery produced, and allowed the deponent to
answer questions either by providing a response or by directing
defense counsel to documents already produced, interrogatories
already answered, and opinions of counsel.

       C.   Questions About Bowles's Preparation

       State Farm designated Austin Bowles as its Rule
30(b)(6) deponent.  Bowles had been a State Farm employee for
forty years, and served as Claims Team Manager for ten years.  As
Claims Team Manager, Bowles supervised a team of eight adjusters
who adjusted claims for bodily injury and property damage, and
investigated claims that were suspected to be fraudulent.

       The deposition took place on June 6, 2007.[1]  At the
deposition, Bowles was questioned on his preparation activities:

       Q.   Now, what have you done to prepare yourself for
            today's deposition?

       A.   Well, I reviewed the notice[s] and the exhibits
            attached to them, and I got together a couple of

---

       [1]    Defendant Mikhael Voloshen and counsel for Defendants
Ruslana Voloshen and Northeast Aqua and Physical Therapy, Inc.
attended the deposition.  The remaining Defendants did not.

times with our counsel.

. . .

Q.   How many times did you get together with him?

A.   Two times prior to today.

Q.   Two times prior to today.  When was the first
     time?

A.   About 2 or 3 weeks ago.

Q.   How long was your meeting with him?

A.   About 2 hours.

Q.   And when was the second time?

A.   Was that Friday?  It was within the past--about a
     week ago.

Q.   How long was your meeting with him then?

A.   Several hours.

Q.   Did you review any documents to prepare for
     today's deposition?

A.   No.

Q.   And did you review the transcripts of any
     depositions to prepare for today's deposition?

A.   No.

Q.   Did you review the complaint to prepare for
     today's deposition?

A.   No.

Q.   Did you review any of State Farm's discovery
     responses to prepare for this deposition?

A.   The actual responses themselves, no.

Bowles Dep. 27-28, June 6, 2007; see also id. at 29-30 (Bowles

admitting that he had not reviewed any claim files relating to
the patients and billing numbers listed in the notices of
deposition); id. at 34-35 (Bowles admitting that he had not
spoken to any State Farm employees that he supervised in
preparation for the deposition).

Unsurprisingly, because his preparation activities were
restricted to two meetings with counsel, Bowles could not state
"any facts that support" State Farm's claims, other than those
learned through "discussions with counsel."  Id. at 158:21-
159:20.  Moreover, as discussed below, Bowles was instructed not
to answer when asked about the information learned through these
discussions with counsel.  See, e.g., id. 111-12.

       D.    Questions About Verification of Discovery Responses

Bowles was also asked what measures he took to verify
the truth of certain answers to interrogatories that he had
signed on behalf of State Farm:[2]

    Q.    Now, you know that you have been asked to verify
          various discovery responses in this litigation,
          correct?

    A.    Yes.

    Q.    Our recollection is that you verified this one,
          although we can't find the verification, and it's

---

[2]    Although the deposition testimony refers generally to
"discovery responses," without specifying what type of response,
the parties' submissions suggest that the responses in question
are answers to interrogatories.

my belief or recollection that you are the only
person from State Farm who has verified discovery
responses.  So my question to you after that is,
do you recall seeing this document before today?

MR. GOLDBERG [counsel for State Farm]: If he recalls
seeing this which is under cover April 17th, 2006?
The discovery responses.

MR. MARKS [defense counsel]: The discovery responses
with the spreadsheet attached.

MR. GOLDBERG: Do you remember one way or the other
whether you ever saw this?

A.   I don't remember.

Q.   In the April of 2006 time frame, did you do
anything yourself to determine whether this
response was correct?

A.   I don't even know if I saw it.

. . . .

Q.   Have you yourself ever done anything to determine
whether that spreadsheet is correct?

A.   No.

Id. at 75:4-76:21.


    E.   Questions About Facts Supporting State Farm's Claims

        Defense counsel asked Bowles numerous questions seeking

testimony regarding the facts underlying each of the essential

elements of State Farm's claims.  The answer to the vast majority

of these questions, however, was that Bowles did not have

knowledge of such facts, or that Bowles's knowledge of such facts

was limited to discussions with counsel.

                              -10-

For example, allegations underlying State Farm's fraud claims include that Defendants made misrepresentations to State Farm by submitting bills for medical treatment that was never actually provided, that was provided by unlicensed personnel, that was not necessary, or that was provided without doctor supervision.  <u>See</u> Third Am. Compl. ¶¶ 28-31, 36, 40, 46.  At the deposition, defense counsel sought testimony to support these alleged misrepresentations from Bowles as to the individual insureds named in the complaint and listed in Defendants' notices of deposition.  At first, defense counsel attempted to proceed insured-by-insured:

> Q.   [I]n the Notice of Deposition, we asked the reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records.  What facts can you tell me that Sabir Abdoullaev did not receive all treatment billed for and noted in the records?
>
> A.   Other than discussion with counsel, none.
>
> . . . .
>
> Q.   [T]he third topic in this Notice of Deposition is the reasons State Farm believes that treatment was not prescribed by a doctor.  Can you tell me what facts you have that treatments for Sabir Abdoullaev were not prescribed by a doctor?
>
> A.   Other than discussion with counsel, none.
>
> . . . .
>
> Q.   The fourth topic of our deposition, on this notice, is the reason State Farm believes that durable medical equipment that was given to the patient was not necessary.  Tell me all the facts that you have that durable medical equipment that

was given to Sabir Abdoullaev was not necessary.

A.    Other than discussing with counsel, none.

Q.    Nothing.  Okay.  Now, it says, the next topic is
      the reasons State Farm believes the treatments
      were provided by unlicensed personnel?

A.    Other than discussion with counsel, none.

. . . .

Q.    None.  The next topic in this notice is the reason
      State Farm believes treatment was provided without
      a doctor at the office and/or without doctor
      supervision.  Tell me all facts that you have that
      treatment was provided to Sabir Abdoullaev without
      a doctor at the office and/or without doctor
      supervision?

A.    Other than discussion with counsel, none.

Bowles Dep. 143:14-146:1.

         Noticing the obvious pattern of responses, defense

counsel eventually cut to the chase and sought testimony as to

all of the patients named in the complaint:

Q.    [In] regard to all 13 of these people, can you
      tell me any facts that support your assertion that
      they didn't receive all treatment billed for and
      noted in the records?

A.    Other than discussion with counsel, no.

Q.    [For] all 13 people, can you tell me any facts
      that you have that such treatment was not
      prescribed by a doctor?

A.    Other than discussion with counsel, no.

Q.    [For] all 13 patients, can you tell me the facts
      that support the assertion that durable medical
      equipment that was given to the patient was not
      necessary?

A.   Other than discussion with counsel, no.

Q.   [For] all 13 claimants, can you tell me any facts
     that State Farm believes that treatment was
     provided by unlicensed personnel?

A.   Other than discussion with counsel, no.

Q.   [For] all 13 claims, can you tell me the reasons
     that State Farm believes treatment was provided .
     . . without doctor supervision?

A.   Aside from discussion with counsel, no.

Id. at 158:21-159:20.


F.   Instructions Not to Answer

     The pattern of questions and responses continued.
Bowles repeatedly testified that he knew no facts in support of
State Farm's claims other than those learned through discussions
with counsel.  When asked about these facts learned from counsel,
however, counsel for State Farm instructed Bowles not to answer:

Q.   Can you tell me any facts that support the
     assertion that treatment was not provided by
     licensed personnel?

A.   Only discussion with counsel.

Q.   And who would that counsel be?

A.   Mr. Goldberg or one of his associates.

Q.   But as we sit here today, you can't tell me any
     facts that support the assertion that treatment
     was provided by an unlicensed personnel, can you?

A.   Only through discussion with our counsel.

Q.   Do you have a recollection that you were actually
     told facts that treatment was provided by

-13-

> unlicensed personnel?
>
> A.   By counsel.
>
> MR. GOLDBERG: Told that by counsel?  I'm going to
>       direct him not to answer concerning any
>       discussions he had with counsel beyond what he's
>       told you.

Id. at 111-12.  This exchange characterized the bulk of Bowles's deposition.  Throughout, defense counsel attempted to learn from Bowles the "information known or reasonably available to [State Farm]" supporting State Farm's claims in this litigation.  Fed. R. Civ. P. 30(b)(6).  The only thing Bowles did in preparation for the deposition was consult with counsel for State Farm. Predictably, therefore, Bowles's response to nearly all of defense counsel's questions was that he had no information supporting State Farm's claims, other than information learned through discussions with counsel, which he was instructed by counsel not to reveal.  In short, Bowles revealed almost no information during his deposition.

G.   Procedural Posture

Based on Bowles's testimony, Defendants have moved for summary judgment.[3]  Defendants argue that Bowles has admitted

---

[3]      Defendants Ruslana Voloshen and Northeast Aqua and Physical Therapy, Inc. have filed a motion for summary judgment, to compel additional deposition testimony, and for sanctions (doc. no. 338).   Defendants Guennadi Lioubavine and Roman Lubavin (doc. no. 337), and Defendant Mikhael Voloshen (doc. no. 340) have joined in the motion.

that State Farm has no knowledge of facts to support the essential elements of its claims, and because Bowles's testimony is binding on State Farm under Rule 30(b)(6), State Farm therefore has admitted that it cannot prove the essential elements of its claims.

To the extent that summary judgment is not granted as to all claims, Defendants also seek to compel additional Rule 30(b)(6) deposition testimony, pursuant to Federal Rule of Civil Procedure 37(a)(1), arguing that Bowles was improperly instructed not to answer questions seeking information learned through discussions with counsel.

Finally, Defendants request that sanctions be imposed upon State Farm, pursuant to Federal Rules of Civil Procedure 26(g), 37(b), and 37(d), arguing that State Farm inadequately prepared Bowles for the deposition and that Bowles improperly verified certain discovery responses.[4]

---

[4] The Federal Rules of Civil Procedure were amended, effective December 1, 2007.  See United States Courts: Federal Rulemaking, http://www.uscourts.gov/rules/index2.html (last accessed Feb. 28, 2008).  The conduct at issue here occurred before the effective date of the amended rules.  As relevant here, however, the amendment to the rules is limited to the restyling and renumbering of certain rules.  Therefore, the Court will cite to the amended rules.

III. MOTIONS FOR SUMMARY JUDGMENT

    A.   <u>Legal Standard</u>

        A court must grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. <u>Id.</u> at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." <u>El v. Se. Pa. Transp. Auth.</u>, 479 F.3d 232, 238 (3d Cir. 2007).

        The party seeking summary judgment bears the initial burden of identifying "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Once the movant has done so, the burden shifts to the non-movant, who "may not rely merely on allegations or denials in its own pleading," but must "by affidavits or as otherwise provided in this rule . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary

-16-

judgment should, if appropriate, be entered against that party."
Fed. R. Civ. P. 56(e)(2).


B.   <u>Discussion</u>

Defendants contend that summary judgment is warranted because Bowles's Rule 30(b)(6) deposition testimony constitutes a binding and irrebuttable admission by State Farm that it has no evidence with which to support the essential elements of its claims.  This argument fundamentally misapprehends Rule 30(b)(6).


1.   <u>The "binding" effect of Rule 30(b)(6) testimony</u>

Rule 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a . . . corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).  In other words, the testimony of the Rule 30(b)(6) designee is deemed to be the testimony of the corporation itself.

In prior decisions, judges of this Court have elaborated on this concept by stating that "[t]he purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation."  <u>Resolution Tr. Corp. v. Farmer</u>, No. 92-3310, 1994

WL 317458, at *1 (E.D. Pa. June 24, 1994); <u>Ierardi v. Lorillard,</u> <u>Inc.</u>, No. 90-7049, 1991 WL 158911, at *2 (E.D. Pa. Aug. 13, 1991) ("Admissions made by the [Rule 30(b)(6)] deponent will be binding on his principal."). However, the use of the word "binding" in the opinions has caused some confusion, prompting litigants to argue, as Defendants do here, that Rule 30(b)(6) testimony is something akin to a judicial admission--a statement that conclusively establishes a fact and estops an opponent from controverting the statement with any other evidence.

This is not quite the case. Although the Third Circuit has yet to address the issue, the better rule is that "the testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party." 8A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2103 (Supp. 2007); <u>A.I. Credit Corp. v. Legion Ins. Co.</u>, 265 F.3d 630, 637 (7th Cir. 2001) ("[T]estimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." (quotation omitted)); <u>R&B Appliance Parts, Inc. v. Amana Co.</u>, 258 F.3d 783, 786 (8th Cir. 2001); <u>Diamond Triumph Auto Glass, Inc. v. Safelite</u> <u>Glass Corp.</u>, 441 F. Supp. 2d 695, 723 n.17 (M.D. Pa. 2006); <u>Indus. Hard Chrome, Ltd. v. Hetran, Inc.</u>, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000); <u>A&E Prods. Group, L.P. v. Mainetti USA Inc.</u>,

No. 01-10820, 2004 WL 345841, at *7 (S.D.N.Y. Feb. 25, 2004);
Media Servs. Group, Inc. v. Lesso, Inc., 45 F. Supp. 2d 1237,
1254 (D. Kan. 1999); W.R. Grace & Co. v. Viskase Corp., No. 90-
5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991).

        This does not mean, however, that the party may retract
prior testimony with impunity.  In some cases "where the non-
movant in a motion for summary judgment submits an affidavit
which directly contradicts an earlier [Rule 30(b)(6)] deposition
and the movant relied upon and based its motion on the prior
deposition, courts [have] disregard[ed] the later affidavit."
Hyde v. Stanley Tools, 107 F. Supp. 2d 992, 993 (E.D. La. 2000);
see, e.g., Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp.
2d 82, 95 (D.D.C. 1998) ("[T]he Kurtz affidavit's quantitative
assertion works a substantial revision of defendant's legal and
factual positions.  This eleventh hour alteration is inconsistent
with Rule 30(b)(6), and is precluded by it."); Caraustar Indus.,
Inc. v. N. Ga. Converting, Inc., No. 04-187, 2006 WL 3751453, at
*7 (W.D.N.C. Dec. 19, 2006); Ierardi, 1991 WL 158911, at *3; see
also Joseph v. Hess Oil, 867 F.2d 179, 183 (3d Cir. 1989) (non-
30(b)(6) context) ("In cases where a party has filed an affidavit
which contradicts earlier deposition testimony, summary judgment
has been granted where the court found that the contradictory
affidavit was filed in order to defeat the summary judgment
motion.").  Yet, where the affidavit "is accompanied by a

-19-

reasonable explanation" of why it was not offered earlier, courts have "allowed a contradictory or inconsistent affidavit to nonetheless be admitted" to supplement the earlier-submitted Rule 30(b)(6) testimony.  <u>Hyde</u>, 107 F. Supp. 2d at 993.

### 2.   <u>Bowles's Rule 30(b)(6) testimony</u>

In this case, State Farm's allegations of fraud are premised on a series of alleged misrepresentations by Defendants: Defendants billed State Farm for treatment that was not rendered, not necessary, or administered by unlicensed personnel without doctor supervision.  At the Rule 30(b)(6) deposition, defense counsel repeatedly asked Bowles (on behalf of State Farm) whether he could state "any facts that support [these] assertion[s]." Bowles Dep. 158:21-159:20.  In response to each question, Bowles (on behalf of State Farm) stated: "Other than discussion with counsel, no."  <u>Id.</u>

Relying on cases where a later-filed explanatory affidavit contradicting Rule 30(b)(6) deposition testimony has been disallowed, Defendants ask the Court to disregard <u>all</u> evidence contradicting Bowles's testimony, regardless of when acquired, how weighty, and how meritorious the explanation of why it was not offered earlier.  In effect, Defendants seek judgment as a matter of law based on Bowles's testimony.  Such a judgment is unwarranted, however, as it would elevate Rule 30(b)(6)

deposition testimony into an irrebuttable judicial admission.[5]

At best, Defendants' identification of Bowles's testimony shifts the burden onto State Farm, requiring it to look beyond the pleadings and "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). State Farm has done so by pointing to thousands of documents, identified in its answers to interrogatories, that support the allegations in its complaint. Defendants do not dispute the validity of these documents; rather, Defendants' motions for summary judgment are based solely on the theory that Bowles's Rule 30(b)(6) testimony constitutes a judicial admission that is dispositive, <u>regardless</u> of any other admissible evidence. Accordingly, because genuine issues of material fact exist, and, in any event, Defendants have not shown that they are entitled to judgment as a matter of law, the motions must be denied.[6]

---

[5] Had Bowles's responses been admissions under Federal Rule of Civil Procedure 36, they may well have been fatal to State Farm's claims. <u>See</u> Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established . . . ."). Even under Rule 36, however, "the court may permit withdrawal or amendment [of a judicial admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

[6] The testimony of Bowles (on behalf of State Farm) might nonetheless be damaging to State Farm's position at trial. <u>See</u> <u>United States v. Taylor</u>, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("[I]f a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial

IV.   MOTION TO COMPEL DEPOSITION TESTIMONY

In the event that summary judgment as to all claims is not granted, Defendants move to compel State Farm to provide additional Rule 30(b)(6) deposition testimony, arguing that Bowles was improperly instructed not to answer questions seeking information that he learned through discussions with counsel. State Farm argues that all information learned by Bowles through discussions with counsel constitutes attorney work product and was thus properly not disclosed.

A.   Legal Standard

1.   Rule 37(a) motions to compel

If "a deponent fails to answer a question asked under Rule 30," or provides an answer that is "evasive or incomplete," then a motion to compel the deposition testimony may be filed. Fed. R. Civ. P. 37(a)(3)(B)(i), (a)(4).   "If the motion is

_____

without introducing evidence explaining the reasons for the change."); Ierardi, 1991 WL 158911, at *3 ("If the designee testifies that H&V does not know the answer to plaintiffs' questions, H&V will not be allowed effectively to change its answer by introducing evidence at trial.   The very purpose of discovery is to avoid trial by ambush." (quotations omitted)). For example, if State Farm seeks to contradict its Rule 30(b)(6) testimony at trial with new evidence, and it offers no valid explanation why the earlier testimony should be amended, the Court may preclude State Farm from presenting such new evidence, or permit the new evidence and allow State Farm's explanation to be submitted to the jury along with the earlier testimony.   See Fed. R. Evid. 403 (providing for exclusion of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of undue delay").

-22-

granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

### 2.   Rule 26(b)(3)(A) and protection of attorney work product

Attorney work product protection extends to materials that are "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A).  The Court may order disclosure of such materials if a party shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).  However, even when disclosure of work product is ordered, the Court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

### B.   Discussion

This case exemplifies the tension between the obligations of Rule 30(b)(6) and the protections of the work product doctrine as codified in Rule 26(b)(3).  On one hand, Rule 30(b)(6) requires a corporate party to prepare a witness to

-23-

testify to "information known or reasonably available to" the corporation; a common means of such preparation is for the witness to engage in discussions with counsel.  On the other hand, the work product doctrine protects the "mental impressions, conclusions, opinions, or legal theories" of counsel from disclosure.  In fact, the mental impressions of counsel are "core" or "opinion" work product, which "is discoverable only upon a showing of rare and exceptional circumstances."  In re Cendant Corp. Secs. Litig., 343 F.3d 658, 663 (3d Cir. 2003).

State Farm argues that counsel properly instructed Bowles not to disclose any facts learned from discussions with counsel in preparation for the Rule 30(b)(6) deposition because such facts constitute attorney work product and are thus protected from disclosure.  State Farm is incorrect:

> [T]he courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

8 Wright et al., supra, § 2023; In re Linerboard Antitrust Litig., 237 F.R.D. 373, 384 (E.D. Pa. 2006) ("'[T]here is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel.'" (quoting Protective Nat'l Ins. Co. v. Commonwealth Ins. Co., 137 F.R.D. 267, 280 (D. Neb. 1989))).

-24-

The _Protective_ case cited with approval by Judge DuBois in _Linerboard_ is on all fours with the instant case.   In _Protective_, as here, a Rule 30(b)(6) witness was prepared for deposition through discussions with counsel.   137 F.R.D. at 271-72.   When asked whether she had knowledge of the facts underlying the corporate party's claim, the witness replied that she had no knowledge other than facts learned through her discussions with counsel.   _Id._   The deposing attorney then specifically asked for those facts: "I'm not asking you to relate the opinion that your counsel gave you.   I am asking you for the facts that support this allegation."   _Id._ at 273.   The defending attorney instructed the witness not to answer and sought "clarification" from the Court.   _Id._   The Court's clarification is worth quoting in full:

> It is important to distinguish between facts learned by a lawyer, a memorandum or document containing those facts prepared by the lawyer, and the lawyer's mental impressions of the facts.   The facts are discoverable if relevant.   The document prepared by the lawyer stating the facts is not discoverable absent a showing required by Federal Rule of Civil Procedure 26(b)(3).   Mental impressions of the lawyer regarding the facts enjoy nearly absolute immunity. . . .   The problem in this type of situation is determining the degree to which a particular deposition question elicits the mental impressions of the attorney who communicated a fact to the deponent.   In a sense, any fact that a witness learns from his or her attorney presumably reveals in some degree the attorney's mental impressions of the case, or, presuming rationality, the attorney would not have communicated the fact to the client.   As I have pointed out previously, it is clearly not the law that a fact is not discoverable because a lawyer communicated the fact to the client.

_Id._ at 278 n.1, 281.

Therefore, the vast majority of State Farm's
instructions to Bowles not to respond were improper.  For the
most part, the questions asked by defense counsel did not demand
the "mental impressions, conclusions, opinions, or legal theories
of [State Farm's] attorney" protected by Rule 26(b)(3), but
rather sought the "information known or reasonably available to
[State Farm]," as to which Bowles was <u>required</u> to testify by Rule
30(b)(6).  Contrary to State Farm's contention, the mere fact
that counsel for State Farm may have provided such information to
the witness in preparation for the Rule 30(b)(6) deposition does
not convert the information into attorney work product.[7]  Were

---

[7]     State Farm puzzlingly relies on <u>Linerboard</u> for this
proposition.  However, as noted above, the <u>Linerboard</u> court
quoted <u>Protective</u> with approval when it stated: "'[T]here is
simply nothing wrong with asking for facts from a deponent even
though those facts may have been communicated to the deponent by
the deponent's counsel.'"  237 F.R.D. at 384 (quoting 137 F.R.D.
at 280).  Moreover, the facts of <u>Linerboard</u> are markedly
different from the facts here.  The Court considered whether a
Rule 30(b)(6) witness should be required to speak with in-house
counsel in order to glean the in-house counsel's recollections,
which were not memorialized anywhere, of an internal
investigation.  <u>See</u> <u>id.</u> at 379.  The Court did not require such
consultation, holding that "any facts learned during [the in-
house counsel's] internal investigation [are] so intertwined with
mental impressions that [they] amount to opinion work product."
<u>Id.</u>  The Court made sure to note, however, that it was "not
rul[ing] that facts within counsel's knowledge are never
discoverable.  To the contrary, <u>the Court's holding is limited to
the circumstances of this case in which there has been extensive
discovery of the evidence accumulated in the internal
investigation.</u>"  <u>Id.</u> (emphasis added).  Because no internal
investigation has occurred here and because the facts of this
case are nearly identical to those in <u>Protective</u>, <u>Linerboard</u> is
inapposite here.

State Farm's logic followed to its full extent, anytime an attorney is involved in preparing a Rule 30(b)(6) witness, such preparation would be futile because the witness would inevitably be precluded from testifying to anything learned from the attorney.  Were this the rule, every Rule 30(b)(6) deposition in which an attorney was involved in preparing the witness would be doomed from the start.

Therefore, the motion to compel will be granted.  The Rule 30(b)(6) deposition of Bowles, or another suitable witness, shall resume in accordance with the order of this Court.[8]  To the extent that defense counsel's questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek counsel for State Farm's "mental impressions, conclusions, opinions, or legal theories," those questions must be answered.  The topics in Defendants' notices of deposition provide examples of proper and improper questions.  For example, a question seeking the "reasons State Farm believes each or all bills are fraudulent" likely seeks counsel's "legal theories," and thus is improper.  In contrast, a question seeking the "reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records" is likely proper, as it seeks only facts reasonably available to State

---

[8]     Because the Court will impose sanctions pursuant to Rule 37(b), including attorney's fees, the Court need not impose sanctions pursuant to Rule 37(a)(5)(A) here.

Farm, and not counsel's mental impressions.[9]


V.   SANCTIONS: FAILURE TO PREPARE RULE 30(B)(6) WITNESS

        Defendants seek sanctions under Federal Rule of Civil
Procedure 37, arguing that Bowles was so unprepared for the Rule
30(b)(6) deposition that his testimony was tantamount to a
failure to appear for a deposition under Rule 37(d).  In
addition, because the Rule 30(b)(6) deposition was ordered by the
Court, Defendants seek sanctions for disobedience of a court
order under Rule 37(b) as well.

---

    [9]    The parties can benefit from the guidance offered by
the Court in Protective:

    I wish to make the following observation to guide
    counsel.  First, as I have said, Ms. Murphy has an
    obligation to be prepared as a Rule 30(b)(6)
    spokesperson.  Second, Ms. Murphy, to the extent that
    she is able, must recite the facts upon which
    Commonwealth relied to support the allegations of its
    answer and counterclaim which are not purely legal,
    even though those facts may have been provided to her
    or her employer by Commonwealth's lawyers.  Third,
    Protective is directed, when formulating questions to
    Ms. Murphy, to avoid asking questions of Ms. Murphy
    which are intended to elicit Commonwealth's counsel's
    advice, Commonwealth's counsel's view as to the
    significance or lack thereof of particular facts, or
    any other matter that reveals Commonwealth's counsel's
    mental impressions concerning this case.

137 F.R.D. at 238.

A.   <u>Legal standard</u>

    1.   <u>Duty to prepare under Rule 30(b)(6)</u>

As discussed above, Federal Rule of Civil Procedure 30(b)(6) sets forth the manner in which a corporation may be deposed.  First, the party seeking to depose the corporation must "[i]n its notice or subpoena . . . describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  Once the corporation receives such particularized notice, it must "designate one or more . . . persons who . . . must testify about information known or reasonably available to the organization."  <u>Id.</u>

A Rule 30(b)(6) designee "is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access."  <u>Linerboard</u>, 237 F.R.D. at 382 (quotation omitted).  Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must "prepare its designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it.  <u>Id.</u> (quotation omitted).

Therefore, if a Rule 30(b)(6) witness is asked a question concerning a subject that was not noticed for deposition or that seeks information not reasonably available to the

corporation, the witness need not answer the question.  Moreover, certain questions may seek details so minute that a witness could not reasonably be expected to answer them.  See, e.g., United States ex. rel. Fago v. M&T Mortgage Corp., 235 F.R.D. 11, 25 (D.D.C. 2006) ("Without a photographic memory, [the witness] could not reasonably be expected to testify as to the loan numbers . . . for sixty-three different loans.").  However, if a Rule 30(b)(6) witness is asked a question concerning a subject that was noticed with particularity, is seeking information that is reasonably available to the corporation, and is not unreasonably obscure, and the witness is unprepared to answer the question, the purpose of the deposition is completely undermined. See Constellation NewEnergy, Inc. v. Powerweb, Inc., No. 02-2733, 2004 WL 1784373, at *5 (E.D. Pa. Aug. 10, 2004) ("In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it.").

> 2.   Sanctions pursuant to Rule 37(b) and (d)

Because the Rule 30(b)(6) deposition in this case was ordered by the Court, both section (b) and section (d) of Rule 37 of the Federal Rules of Civil Procedure apply.

Rule 37(b) permits the imposition of sanctions upon a person who disobeys an order of the Court: "If a party or . . . a

witness designated under Rule 30(b)(6) . . . fails to obey an
order to provide or permit discovery . . . the court where the
action is pending may issue further just orders."  Fed. R. Civ.
P. 37(b)(2)(A).  The rule also provides a non-exhaustive list of
available sanctions, such as precluding a party from introducing
certain matters into evidence, staying proceedings until the
order is obeyed, dismissing the action in whole or in part,
rendering a default judgment, and treating the failure to obey an
order as contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).
The Court also "must order the disobedient party, the attorney
advising that party, or both to pay the reasonable expenses,
including attorney's fees, caused by the failure," unless
"circumstances make an award of expenses unjust."  Fed. R. Civ.
P. 37(b)(2)(C).

Rule 37(d) allows the Court to "order sanctions" if "a
party or . . . a person designated under Rule 30(b)(6) . . .
fails, after being served with proper notice, to appear for that
person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  A failure
to appear "is not excused on the ground that the discovery sought
was objectionable, unless the party failing to act has a pending
motion for a protective order under Rule 26(c)."  Fed. R. Civ. P.
37(d)(2).  Available sanctions include "any of the orders listed
in Rule 37(b)(2)(A)(i)-(vi)," and, as above, the Court "must"
require "the party failing to act, the attorney advising that

party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless "circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

Although the application of Rule 37(d) is usually limited to an actual failure to appear for a deposition--rather than an appearance by an unprepared deponent--the Third Circuit has made an exception in the context of Rule 30(b)(6) depositions.  See Black Horse Lane Assocs., L.P. v. Dow Chem. Corp., 228 F.3d 275, 302-03 (3d Cir. 2000).  In other words, "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)."  Id. at 304.

B.   Discussion

At the core of this dispute is State Farm's failure to adequately prepare its Rule 30(b)(6) witness for deposition. There is no question that State Farm's limited efforts to prepare Bowles for the deposition fell far short of the requirements of Rule 30(b)(6).

1.   Violation of Rule 37(b)(2)(A)

The Court provided State Farm with clear guidelines at the April 2, 2007 hearing as to the level of preparation required

-32-

in this case.  The Court noted that this case involves "thousands
of documents," and that no witness could be expected to know all
of the documents.  Instead of memorizing the contents of
thousands of documents, the Court allowed the Rule 30(b)(6)
witness to respond to questions by "point[ing] to documents which
contain the information, as long as he does so with some
particularity."  Specifically:

> He can't simply say well, well go and look at the
> depositions, all of the answers are there.  But, he can
> point to prior interrogatories.  He can point to prior
> depositions.  He can point to checks in the spirit of
> providing guidance where the information may be sought.
> . . .  Some of the answers may be by way of directing
> them to other documents.  Some of the answers may be
> directing them to opinions of counsel.  Some of their
> answers may be directing them to . . . previously
> answered interrogatories, and some of them may be
> directing them to the claim file for that particular
> case, but at least they know where to go. . . .
> [D]efendants shouldn't be just left to roam through
> this discovery attempting to find that.

Hr'g Tr. 28-30.

State Farm failed to heed the Court's guidance, and as
a result, its preparation of Bowles was grossly inadequate,
especially in light of the document-intensive nature of this
litigation.  Bowles's preparation was limited to two meetings
with counsel, together lasting only several hours.  Bowles
reviewed <u>no</u> documents other than the notices of deposition and
spoke to <u>no</u> other State Farm employees concerning the litigation
other than asking a single employee if he recognized an exhibit
to one of the notices of deposition.  <u>Id.</u> at 34:19-35:24.  Even

-33-

if Bowles was relying on a necessarily brief summary given by counsel, it is unclear how he could testify as to State Farm's business practices having failed to confer with any State Farm employees.  It is also unclear how Bowles could point to answers to interrogatories, claim files, checks, or prior depositions if he did not review any of these materials.  State Farm's assertion that two meetings with counsel effectively prepared Bowles to answer questions as to thousands of documents strains credulity. The Court is left with the impression that State Farm took neither this Court's order nor the requirements of Rule 30(b)(6) seriously.  Accordingly, sanctions are warranted.[10]

In failing to prepare Bowles for the Rule 30(b)(6) deposition, State Farm "fail[ed] to obey an order to provide or permit discovery," in violation of Rule 37(b)(2)(A).  The Court may thus issue further "just orders" and must order State Farm to pay the reasonable expenses, including attorney's fees, caused by the failure, unless "circumstances make an award of expenses

---

[10]    State Farm continues to argue that Defendants' notices of deposition are overbroad, vague, and unduly burdensome.  The Court has already ruled on this issue by denying State Farm's motion for protective order and providing guidance at the April 2, 2007 hearing in order to focus the Rule 30(b)(6) deposition. Therefore, as to Rule 37(b), the scope of the deposition notices is not relevant to whether State Farm disobeyed the Court's April 2, 2007 order.  Additionally, as to Rule 37(d), a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)," Fed. R. Civ. P. 37(d)(2), and State Farm's motion for protective order was denied well before the Rule 30(b)(6) deposition took place.

unjust." Fed. R. Civ. P. 37(b)(2)(C).

    2.  <u>Determination of an appropriate sanction</u>

        Defendants argue that dismissal of State Farm's claims
is a proper sanction in this case.  Although the Court is
authorized by Rule 37(b) to dismiss State Farm's claims, it must
first apply the factors set forth in <u>Poulis v. State Farm Fire</u>
<u>and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused . . . ; (3) a
> history of dilatoriness; (4) whether the conduct of the
> party or the attorney was willful or in bad faith; (5)
> the effectiveness of sanctions other than dismissal,
> which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 868.

        Defendants point to <u>Hoxworth v. Blinder, Robinson and</u>
<u>Co.</u>, 980 F.2d 912 (3d Cir. 1992), where the Third Circuit applied
the <u>Poulis</u> factors to uphold a district court's issuance of a
default judgment as a sanction.  <u>Hoxworth</u> is instructive,
although distinguishable because the failure to adequately
prepare a Rule 30(b)(6) witness was only one of many discovery
abuses in that case, including the failure to file a pretrial
memorandum, failure to appear at trial, and lying to the Court
about the reasons for failing to appear.  <u>Id.</u> at 917-18.  As
relevant here, the <u>Hoxworth</u> Court found that the corporate
defendant was personally responsible for the failure to select an

informed Rule 30(b)(6) witness, as it had four days before designating a witness "fired the only other person who could have shed some light on the facts." Id. at 920.  The remaining discussion of the Poulis factors concerned unrelated discovery abuses which are not pertinent here.  Id. at 920-22.

In this case, State Farm bears responsibility for the failure to prepare Bowles as required by Rule 30(b)(6), in that it did not require him to confer with employees, review pertinent documents, or at least have more extensive meetings with counsel. In addition, as discussed above, State Farm's failure to prepare Bowles was willful.  See supra Part V.B.1.  Nonetheless, the remaining Poulis factors suggest that dismissal of State Farm's claims is too harsh a sanction here.  Defendants have incurred prejudice in that they have expended time and resources in attempting to complete this deposition, but such prejudice is properly addressed with monetary sanctions.  Any substantive prejudice that Defendants may have suffered can be cured by ordering another Rule 30(b)(6) deposition.  Moreover, as discussed above, State Farm may yet be precluded at trial from introducing eleventh-hour evidence in an attempt to contradict its Rule 30(b)(6) deposition testimony.  See supra note 4.  As to the remaining factors, all parties have demonstrated a history of dilatoriness in this case, and no showing has been made that State Farm's claims lack merit.

Accordingly, monetary sanctions will be imposed on State Farm pursuant to Rule 37(b)(2)(C) because no circumstances exist that would make such an award unjust.[11]

## VI. SANCTIONS: VERIFICATION OF DISCOVERY RESPONSES

Based on Bowles's allegedly improper verification of certain discovery responses, Defendants move for sanctions pursuant to Federal Rules of Civil Procedure 26(g) and 37(d). The parties' confusion as to the obligations of a corporate party under Rules 26, 33, 34, and 37, and the sanctions flowing from each begs some clarification. Therefore, in addressing the instant motion, the Court will also address the applicability of each of the above-mentioned rules.

### A.   Rule 26(g)

Federal Rule of Civil Procedure 26(g) requires all discovery responses to be "signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented." Fed. R. Civ. P. 26(g)(1). By signing the discovery response, the attorney or unrepresented party

---

[11] The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date. In addition, because the Court has found that State Farm violated Rule 37(b)(2)(A), consideration of whether State Farm failed to appear for the deposition in violation of Rule 37(d) is not necessary, as the two subsections provide for identical sanctions. See Fed. R. Civ. P. 37(d)(3).

-37-

"certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery response is not frivolous, not interposed for an improper purpose, not unreasonable or unduly burdensome, and consistent with the Federal Rules of Civil Procedure.  Id.

In addition, the rule provides for sanctions in the event of an improper certification.  See Fed. R. Civ. P. 26(g)(3); see also Project 74 Allentown, Inc. v. Frost, 143 F.R.D. 77, 84 (E.D. Pa. 1992) (holding that sanctions may be imposed "when the signing of the response was objectively unreasonable under the circumstances").

Here, Defendants argue that Rule 26(g) sanctions must be imposed because Bowles allegedly did not conduct a reasonable inquiry before "verif[ying] [certain] discovery responses under penalty of perjury."  Northeast Aqua Defts.' Mot. for Summ. J. 19.  Specifically, Bowles testified at the Rule 30(b)(6) deposition that he was asked to "verify various discovery responses in this litigation," and when asked whether he could recall "doing anything [him]self to determine whether [the] response[s] [were] correct," Bowles said: "I don't remember." Bowles Dep. 75-76.[12]

_____

[12]    Defendants have not attached to their motions these "discovery responses" in their entirety, attaching instead a ten-page excerpt of one of the responses.  Therefore, as discussed above, the Court cannot say with certainty what type of discovery responses are at issue, although the parties' submissions suggest

Defendants confuse two distinct concepts under the Federal Rules of Civil Procedure: certification and verification. Rule 26(g) governs only the certification of discovery responses:

> Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand. Thus, the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33.

Fed. R. Civ. P. 26 committee's note (amended 1983). Therefore, Rule 26(g) only governs certification, and cannot be the basis for sanctioning an allegedly improper verification. Moreover, the certification requirements of Rule 26(g) apply only to an "attorney of record" or a "party . . . if unrepresented." Id. Bowles is neither: he is an employee and corporate designee of a represented party in this litigation, State Farm.[13]

---

that they are answers to interrogatories. See supra note 2. Moreover, none of the attached excerpts includes a signature page, and thus the Court cannot confirm whether and in what manner Bowles "verified" the responses or whether the responses were certified by counsel.

[13] Although the Third Circuit has not yet interpreted Rule 26(g)(1), reading Rule 26(g)(1) to apply only to attorneys and unrepresented parties accords with both the plain language of the rule and the limited case law on point in this circuit. See Project 74, 143 F.R.D. at 84 (applying Rule 26(g) to attorney's conduct); Leonard v. Univ. of Del., No. 96-360, 1997 WL 158280, at *6 (D. Del. Mar. 20, 1997) (same). Defendants point to no case in this circuit applying Rule 26(g) to the conduct of a represented party or an employee or corporate designee thereof, and this Court finds none. Defendants rely on United Missouri

-39-

Accordingly, because Rule 26(g)(1) does not apply to Bowles's verification, whether proper or improper, of discovery responses, sanctions under Rule 26(g)(3) are not warranted.

B.   <u>Rule 37(d)</u>

Defendants have additionally moved for sanctions under Rule 37(d).  If "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers [or] objections," then that party "may" be subject to sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii).

Here, Defendants argue that sanctions are warranted under Rule 37(d) because Bowles, who verified the "discovery

---

<u>Bank of Kansas City, N.A. v. Bank of New York</u>, 723 F. Supp. 408 (W.D. Mo. 1989), <u>abrogated on other grounds by</u> <u>Lakin v.</u> <u>Prudential Secs., Inc.</u>, 348 F.3d 704 (8th Cir. 2003).  In <u>United</u> <u>Missouri Bank</u>, the court applied Rule 26(g) directly to a party:

> The Court notes that defendant's counsel did not
> certify defendant's responses to plaintiff's
> interrogatories as required by Rule 26(g).  However,
> this does not prevent the Court from imposing sanctions
> upon defendant, The Bank of New York, because it
> certified its initial responses to plaintiff's
> interrogatories when no objective basis existed for
> believing in the truth and accuracy of those responses.

<u>Id.</u> at 416.  The Court in <u>United Missouri Bank</u> appears to have misapplied Rule 26(g) in the same manner as Defendants have here. The Court confuses a certification with a verification, and it applies the certification requirement to a represented party, contravening the plain terms of Rule 26(g).

responses,"[14] did not make a reasonable inquiry into the truth of the responses before verifying them.  Defendants base this assertion on Bowles's testimony at the Rule 30(b)(6) deposition that he did not "remember" and did not "even know whether [he] saw" certain discovery responses.  Bowles Dep. 75:4-76:21. Defendants argue that Bowles's failure to make a reasonable inquiry before verifying responses to interrogatories is tantamount to "fail[ing] to serve [ ] answers [or] objections" to interrogatories, under Rule 37(d)(1)(A)(ii).

Defendants are incorrect.  Defendants do not argue that State Farm actually failed to serve answers or objections to interrogatories.  In fact, Defendants acknowledge that State Farm <u>did</u> submit detailed responses to the interrogatories.  However,

> [t]he provisions of Rule 37(d) with regard to interrogatories do not apply for anything less than a serious or total failure to respond to interrogatories. Only if a party wholly fails to respond to an entire set of interrogatories are sanctions under this rule appropriate. . . .  Subdivision (d) of the rule also is inapplicable if the party has served answers to interrogatories but the answers are thought to be incomplete or evasive.  That situation is covered by Rule 37(a)(3) [37(a)(4) as amended in November 2007], which makes such responses a failure to answer for that subdivision of Rule 37, and a motion to compel a further answer will lie.

8A Wright et al., <u>supra</u>, § 2291.  In other words, the proper

---

[14]    Presumably, the "discovery responses" in question, which are not attached to Defendants' motions, were answers to interrogatories, as suggested by Defendants' citation to Rules 37(d) and 33(b).  <u>See</u> <u>supra</u> note 12.

course of action here would have been for Defendants to file a
motion to compel under Rule 37(a), which applies when a party
fails to answer particular interrogatories or provides evasive or
incomplete answers to interrogatories.[15]  Fed. R. Civ. P.
37(a)(3)(B)(iii), (4).  Thus, because Defendants have confused
Rule 37(a) and Rule 37(d), two provisions authorizing sanctions
intended to remedy two distinct discovery violations, the request
for sanctions under Rule 37(d) will be denied.[16]

---

[15]     Defendant relies on Airtex Corp. v. Shelley Radiant
Ceiling Co., 536 F.2d 145 (7th Cir. 1976), to argue that Rule
37(d) should be applied notwithstanding its limitation to
instances where a party "fails to serve" answers or objections to
interrogatories.  In Airtex, the Seventh Circuit acknowledged
that Rule 37(d) "does not specifically cover giving answers that
are evasive and incomplete, as distinguished from failing to
answer at all," but nonetheless applied Rule 37(d) to an evasive
and incomplete disclosure because of the unique circumstances of
the case.  Specifically, "[t]he evasive and incomplete character
of Airtex's answers was not immediately apparent to [the movant]
and did not become so until [the movant] conducted further
discovery."  Id. at 155.  Such further discovery was obtained too
late for the movant to file a motion to compel under Rule 37(a)
before trial, and thus the Court allowed the movant to invoke
Rule 37(d), which it had raised by post-trial motion, on appeal.
Id.  No such unique circumstances exist here.  The alleged
impropriety of State Farm's responses to interrogatories was
revealed on June 6, 2007, the date of Bowles's Rule 30(b)(6)
deposition.  Discovery was not set to conclude until June 29,
2007.  See Fifth Scheduling Order (doc. no. 312).  Therefore,
Defendants had ample time in which to file a motion to compel
pursuant to Rule 37(a), but simply failed to do so, instead
choosing to wait and attempt to invoke Rule 37(d).

[16]     The Court will not construe Defendants' motion for
sanctions as a motion to compel answers to interrogatories and
for sanctions under Rule 37(a) for two reasons.  First,
Defendants have not indicated which interrogatories State Farm
failed to answer, and thus State Farm does not have specific
notice of the relief sought.  Second, although Rule 37(a)(5)(A)

C.   Rules 33(b) and 34(b)

Although neither party has raised the applicability of Rules 33(b) and 34(b), the Court writes here to provide additional guidance to the parties.  Specifically, certain issues raised by Defendants in the instant motion for sanctions are better analyzed under Rules 33(b) and 34(b).

1.   Rule 33(b)

Federal Rule of Civil Procedure 33(b) governs answers and objections to interrogatories.  The rule provides that interrogatories served upon a corporate party must be answered "by any officer or agent, who must furnish the information available to the party."  Fed. R. Civ. P. 33(b)(1)(B).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  To verify the truthfulness of the answers, "[t]he person who makes the answers must sign them."  Fed. R. Civ. P. 33(b)(5).

This Court recently explained the obligations of a party who verifies answers to interrogatories.  See State Farm Mut. Auto. Ins. Co. v. Lincow, No. 05-5368, 2008 WL 659799 (E.D.

---

provides for sanctions, the Court may not impose sanctions without providing State Farm "an opportunity to be heard" as to whether its failure to answer certain interrogatories was "substantially justified" or whether "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

Pa. Mar. 10, 2008).  Specifically, the Court required the
defendants in <u>Lincow</u> to provide "a verification stating that to
the best of his or her knowledge, information, and belief, the
answers provided are true and correct." <u>Id.</u> at *5.  State Farm
was not only a party in the <u>Lincow</u> case, but <u>it proposed the
language of the verifications</u> and requested that the defendants
be sanctioned for providing verifications that did not contain
its proposed language.  <u>See</u> <u>id.</u> at *6.

      Here, State Farm has fallen upon its own sword.  Its
answers to interrogatories were signed by Bowles, a person who,
according to his own deposition testimony, cannot remember
<u>whether he has even seen</u> the answers that he signed.[17]  It is
incomprehensible how Bowles could have verified under oath the
truth of the answers to interrogatories if he had never
previously seen them.  <u>See</u> Bowles Dep. 75:4-76:21.[18]

_____

[17]      "The fact that years later the representative may not
recall the process she used to ascertain the truthfulness of the
corporation's responses . . . does not necessarily undermine the
veracity of the original interrogatory answers." <u>Shepherd v.
ABC</u>, 62 F.3d 1469, 1482 (D.C. Cir. 1995).  At the same time,
however, "the representative must have a basis for signing the
responses and for thereby stating on behalf of the corporation
that the responses are accurate." <u>Id.</u>

[18]      The question thus arises of whether State Farm's
responses to interrogatories fail to comply with Rule 33(b), in
that Bowles, as evidenced by his total inability to recall the
answers or his verification of them, may have had no basis for
verifying them under oath.  As explained above, <u>see</u> <u>supra</u> Part
V.B, if Bowles had no basis for verifying certain answers to
interrogatories, then Defendants may be entitled to file a motion
to compel responses to specific interrogatories that State Farm

2.   Rule 34(b)

Federal Rule of Civil Procedure 34 governs requests for the production of documents.  To the extent that Defendants' request for sanctions is based on Bowles's purported verification of responses to document requests, it is without merit.

Rule 34 permits a party to serve on another party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The party receiving the request must respond to it: "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  As relevant here, and unlike Rule 33(b), Rule 34(b) does <u>not</u> require a party's response to a document request to be verified by the party.  Rather, responses to document requests need only be certified by an attorney or unrepresented

---

"fail[ed] to answer" or answered in an "evasive or incomplete" manner, pursuant to Rule 37(a)(1) and (a)(4), and possibly for sanctions pursuant to Rule 37(a)(5).  Because Defendants have not raised these issues, and thus State Farm had no notice of such relief being sought, the Court does not decide these issues now. If a motion is filed raising these issues, the Court will address them at that time.

party.  See Fed. R. Civ. P. 26(g).[19]  Therefore, because Bowles

was not required to "verify" any responses to document requests,

State Farm has not violated Rule 34(b).[20]


VII.  CONCLUSION

          Defendants' motions (doc. nos. 337, 338, and 340) will

be granted in part and denied in part.  The motions for summary

judgment will be denied.  The motion to compel additional Rule

30(b)(6) deposition testimony will be granted.  The motion for

---

[19]     This disparity between Rules 33 and 34 is not expressly
addressed by the committee's notes, the leading commentators, or
any cases known to this Court.  The disparity may, however, be
explained by the differing functions of Rules 33 and 34.  Rule 33
requires a party to provide under oath a substantive answer to a
question and requires the person giving that answer to verify the
truth of the answer with his or her signature.  In contrast, a
response under Rule 34 need only indicate whether the party will
comply with the document request, and if it will not, state any
objections to the document request.  Indicating compliance does
not require a substantive answer, but rather is a ministerial
task, and thus does not require a verification.  Additionally,
objections to the requests are governed by Rule 26(g).  See Fed.
R. Civ. P. 26(g) (providing that "[e]very . . . discovery
request, response, or objection must be signed by at least one
attorney of record in the attorney's own name--or by the party
personally, if unrepresented" (emphasis added)).

[20]     It is a separate question, however, whether Bowles's
failure to recall at the Rule 30(b)(6) deposition any information
in connection with the documents produced in this case, and his
resultant inability to provide Defendants with a "road map" to
the voluminous discovery in this case, warrants additional
sanctions under Rule 37(b) or 37(d).  Because Defendants have not
raised these issues, and thus State Farm had no notice of such
relief being sought, the Court does not decide these issues now.
If the issues remain outstanding, see Fed. R. Civ. P. 26(f)(1),
37(d)(1)(B), and a motion is filed raising these issues, the
Court will address them at that time.

sanctions will be granted as to the request for sanctions under Rule 37(b)(2)(A), and will otherwise be denied.  The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE     :     CIVIL ACTION
INSURANCE CO. et al.,            :     NO. 03-6516
                                 :
          Plaintiffs,            :
                                 :
     v.                          :
                                 :
                                 :
NEW HORIZONT, INC. et al.,       :
                                 :
          Defendants.            :

_____     **O R D E R**

**AND NOW**, this **7th** day of **May, 2008**, for the reasons
stated in the accompanying Memorandum, it is hereby **ORDERED** that
Defendants' motions for summary judgment, to compel additional
deposition testimony, and for sanctions (doc. nos. 337, 338, and
340) are **GRANTED in part and DENIED in part**.  The motion for
summary judgment is denied.  The motion to compel additional Rule
30(b)(6) deposition testimony is granted.  The motion for
sanctions is granted as to the request made under Federal Rule of
Civil Procedure 37(b)(2), and is otherwise denied.

**IT IS FURTHER ORDERED** that an additional Rule 30(b)(6)
deposition of Mr. Austin Bowles, and/or another appropriately
prepared designee, shall take place no later than **June 9, 2008.**

**IT IS FURTHER ORDERED** that sanctions are imposed
against Plaintiffs State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company.  The amount of the

sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date.

**IT IS FURTHER ORDERED** that the parties shall confer and submit to the Court a status update in the nature of a Rule 26(f) report by **June 16, 2008.**

AND IT IS SO ORDERED.

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**