IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE | : | CIVIL ACTION |
| INSURANCE CO. et al., | : | NO. 03-6516 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW HORIZONT, INC. et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    NOVEMBER 25, 2008

I.   BACKGROUND

State Farm Mutual Automobile Insurance Co. and State
Farm Fire and Casualty Co. ("State Farm") brought suit against
certain health-care providers ("Defendants"), alleging that
Defendants carried out a fraudulent scheme to obtain payment for
injuries allegedly caused by State Farm insureds.  During the
course of discovery, Defendants conducted a deposition of State
Farm through its corporate designee, Austin Bowles, pursuant to
Federal Rule of Civil Procedure 30(b)(6).  Disputes arose at the
deposition concerning Bowles's responses and counsel for State
Farm's instructions not to answer.

Defendants subsequently moved to compel Bowles's Rule
30(b)(6) deposition testimony.  State Farm argued that, at the
deposition, counsel "properly instructed Bowles not to disclose

any facts learned from discussions with counsel in preparation
for the Rule 30(b)(6) deposition because such facts constitute
attorney work product." State Farm Mut. Auto. Ins. Co. v. New
Horizont, Inc., 250 F.R.D. 203, 214 (E.D. Pa. 2008).  The Court
disagreed, and instructed the parties that "[t]o the extent that
defense counsel's questions seek relevant, non-privileged facts
learned from discussions with counsel, and do not seek counsel
for State Farm's mental impressions, conclusions, opinions, or
legal theories, those questions must be answered," pointing the
parties to the decision in Protective Nat'l Ins. Co. v.
Commonwealth Ins. Co., 137 F.R.D. 267, 280 (D. Neb. 1989).  New
Horizont, 250 F.R.D. at 215-16 & n.9.

          The Court's order required that "an additional Rule
30(b)(6) deposition of Mr. Austin Bowles, and/or another
appropriately prepared designee, shall take place no later than
June 9, 2008."  Id. at 223.  The Rule 30(b)(6) deposition was
taken on June 11, 2008, through State Farm employee and corporate
designee John Costanzo.  On May 20, 2008, Defendants noticed yet
another Rule 30(b)(6) deposition of State Farm to address
additional, previously unexplored areas of inquiry.

          In a separate section of the memorandum, the Court
briefly discussed Federal Rule of Civil Procedure 33(b), and the
possibility that Bowles's verifications of answers to
interrogatories may have been improper, as "[i]t is

                              -2-

incomprehensible how Bowles could have verified under oath the truth of answers to interrogatories if he had never previously seen them." <u>Id.</u> at 222.  While the Court did not hold that the answers to interrogatories were improperly verified, it did note that "Defendants may be entitled to file a motion to compel responses to specific interrogatories that State Farm failed to answer or answered in an evasive or incomplete manner . . . and possibly for sanctions," if Bowles verified those responses without any basis.  <u>Id.</u> at 222 n.18.

Defendants did not file any such motion; instead, on May 13, 2008, Defendants noticed the deposition of Bowles in his <u>individual</u> capacity, proposing a May 22, 2008 deposition date. The notice does not cite Rule 30(b)(6), and includes extremely broad topic areas for examination:

> [C]ounsel . . . will take the deposition of Austin Bowles on <u>matters related to this litigation, including, but not limited to,</u> (a) his preparation for his deposition as Plaintiffs' corporate designee held on June 6, 2007, (b) verifications of Plaintiffs' discovery responses in the above action, and (c) facts and materials provided to him by Plaintiffs' counsel in preparation for his above deposition and related to his verifications as authorized by the Federal Rules of Civil Procedure.

Def.'s Mot. to Compel, Ex. 2 (doc. no. 377) (emphasis added). The notice is also accompanied by extremely broad categories of documents that Bowles must bring to the deposition:

> 1.    <u>Any and all discovery responses, including but not limited to,</u> answers to interrogatories and document production requests, admissions, verified

> by Mr. Austin Bowles on behalf of Plaintiffs,
> and/or transcripts of depositions given by Mr.
> Bowles on behalf of Plaintiffs, and/or transcripts
> of depositions given by Mr. Bowles on behalf of
> Plaintiffs, in <u>actions, other than the instant
> action, for the period from 1998 to 2008</u>.
>
> 2.   Documents identified in Ruslana Voloshen and
>      Northeast Aqua and Physical Therapy Center, Inc.'s
>      Supplemental Request for Production of Documents--
>      Set IX, dated May 13, 2008.

<u>Id.</u> (emphasis added).

By letter of May 19, 2008, counsel for State Farm indicated that the proposed date would not work, and stated its position that the deposition was improper, indicating that it would file a motion for protective order.  <u>Id.</u>, Ex. 4.  The deposition was scheduled for June 11, 2008.

On May 30, 2008, however, apparently seeking to preempt the motion for protective order, Defendants filed a motion to compel Bowles's deposition in his individual capacity under Rule 37(a) (doc. no. 377).  The motion for protective order seeking to enjoin the deposition of Bowles in his individual capacity was filed on June 20, 2008 (doc. no. 387).  State Farm also filed a motion for protective order seeking to enjoin Defendants from taking the additional Rule 30(b)(6) deposition that Defendants noticed on May 20, 2008 (doc. no. 381).

The Court decided the motions from the bench following a hearing on July 14, 2008, denying as moot the motion to compel, and granting the motions for protective orders.  Thereafter, a

written order was issued memorializing the decision (doc. no. 393).  See Order, July 16, 2008 (doc. no. 393).  Defendants have filed a motion for reconsideration of the order to the extent that it granted State Farm's motion for a protective order from the additional Rule 30(b)(6) deposition noticed on May 20, 2008 (doc. no. 398).  Defendants have also filed two new motions to compel, seeking an additional Rule 30(b)(6) deposition of Plaintiffs to address previously unexplored issues of reliance, damages and proximate cause (doc. nos. 400 & 401).[1]  This memorandum seeks to explain more fully the basis for the Court's July 16, 2008 order.  In addition, for the reasons set forth below, Defendants' motion for reconsideration (doc. no. 398) and

---

[1]     On October 1, 2008, Defendants Ruslana Voloshen and Northeast Aqua and Physical Therapy Center, Inc. noticed an additional Rule 30(b)(6) deposition on the topics of reliance, damages and proximate cause.  (See doc. no 400.)  On October 14, 2008, these Defendants filed a motion to compel the Rule 30(b)(6) deposition noticed on October 1, 2008.  (Id.)

    On October 2, 2008, Defendants Guennadi Lioubavini and Roman Lubavin issued another notice of deposition of State Farm's Rule 30(b)(6) designee, also seeking to address issues related to damages.  (See doc. no. 401.)  On October 16, 2008, these same Defendants filed a motion seeking to join the pending motions for reconsideration (doc. no 398) and to compel (doc. no. 400), which was styled as a motion to compel the additional Rule 30(b)(6) deposition noticed on October 2, 2008 (doc. no 401).

    Although Defendants issued separate notices of deposition to Plaintiffs' Rule 30(b)(6) designee, the October notices address identical issues and, for the purposes of this analysis, the Court will construe them as seeking only one additional deposition of State Farm on the topics of reliance, damages and proximate cause.  See infra Part IV.

motions to compel an additional Rule 30(b)(6) deposition (doc. nos. 400 & 401) will be denied.


II.  MOTION FOR PROTECTIVE ORDER: AUSTIN BOWLES

A.  <u>Rule 26(c)(1)</u>

Rule 26(c)(1) governs protective orders and provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery [or] . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).


B.  <u>Bowles's Deposition in His Individual Capacity</u>

Defendants' effort to depose Bowles in his individual capacity is yet another distraction far removed from the merits of a case already mired in discovery disputes.  For the reasons that follow, the Court has granted Plaintiffs' motion for protective order (doc. no. 387).


1.  <u>The May 7, 2008 memorandum and order</u>

Defendants believe that a deposition of Bowles in his individual capacity was ordered by the Court in its May 7, 2008 memorandum and order:

-6-

> The Notice of Deposition and document requests were
> drafted specifically to follow the Court's directive to
> (1) re-depose Bowles on the subject of the facts (if
> any) learned by Bowles from State Farm's counsel, and
> (2) elicit information regarding verification of
> discovery responses to determine whether the responses
> contained truthful information and whether a further
> motion to compel and/or sanctions is required.

Def.'s Mot. to Compel 5 (doc. no. 377).

The Court did not order that the deposition of Bowles in his individual capacity be taken.  To the contrary, the memorandum clearly directed: "The Rule 30(b)(6) deposition of Bowles, or another suitable witness, shall resume in accordance with the order of this Court."  <u>New Horizont</u>, 250 F.R.D. at 215. The order directed that "an additional Rule 30(b)(6) deposition of Mr. Austin Bowles, and/or another appropriately prepared designee, shall take place no later than June 9, 2008."  <u>Id.</u> at 223.  Nowhere did the Court order the deposition of Bowles in his individual capacity.

### 2.   <u>Good cause</u>

Defendants, of course, do not <u>need</u> an order of the Court to depose Bowles as an individual; however, any discovery sought must fit within the broad boundaries of Rule 26:

> Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to
> any party's claim or defense . . . .  For good cause,
> the court may order discovery of any matter relevant to
> the subject matter involved in the action.  Relevant
> information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the
discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1); see also Robinson v. Hartford Ins. Co.,
No. 03-5618, 2004 WL 1090991, at *1 n.1 (E.D. Pa. May 11, 2004)
(distinguishing between "core" and "good cause" discovery).

At the July 14, 2008 hearing, defense counsel conceded
that Bowles does not have any personal knowledge of the facts
underlying State Farm's claims or defenses.  Rather, Bowles
verified discovery responses on behalf of State Farm.  Therefore,
the deposition of Bowles in his individual capacity may only be
permitted if Defendants can demonstrate "good cause."

First, Defendants argue that Bowles's testimony is
"obviously relevant . . . in light of this Court's Order allowing
Moving Defendants to bring a further motion for sanctions."
Def.'s Mot. to Compel. 6 (doc. no. 377).  As explained above, the
Court discussed the possibility that Bowles had no basis for
verifying the answers to interrogatories, and noted that
"Defendants may be entitled to file a motion to compel responses
to specific interrogatories that State Farm failed to answer or
answered in an evasive or incomplete manner . . . and possibly
for sanctions," if Bowles verified those responses without any
basis.  New Horizont, 250 F.R.D. at 222 n.18.  In suggesting that
Defendants might be entitled to file a motion to compel specific
answers to interrogatories, the Court did not intend that
Defendants commence a fishing expedition into Bowles's

-8-

preparation not only in this case but also as to any related or
unrelated case during the past ten years.   Therefore, contrary to
Defendants' contention, the Court's order does not provide "good
cause" for the discovery sought.

Second, Defendants argue that "to the extent counsel
provided Bowles information related to the [Rule] 30(b)(6)
deposition," Defendants are entitled to know it.   Def.'s Mot. to
Compel 7 (doc. no. 377).   The notice at issue, however, seeks to
depose Bowles in his <u>individual</u> capacity.   Defendants have
already conducted two Rule 30(b)(6) depositions of State Farm,
one through Austin Bowles and another through John Costanzo, and
thus any pertinent information could have been obtained from
State Farm's designee in those depositions.[2]

Third, Defendants argue that Bowles's testimony is
"relevant to the Court's determination of the gravity of State
Farm's conduct to ascertain the amount of sanctions granted by
[the] May 8, 2008 [sic] Order."   <u>Id.</u>   The lengthy and contentious
discovery in this litigation has armed the Court with sufficient
information to determine the sanction amount.   Additional
discovery for this purpose would be wasteful.

---

[2]   Defendants suggest that Bowles was provided information
by counsel that was not provided to Costanzo, and thus that
Costanzo was an ineffective Rule 30(b)(6) deponent.   Even if
Defendants' assertion is true, the proper avenue for this
grievance is a motion to compel Rule 30(b)(6) deposition
testimony on the basis that Costanzo was not adequately prepared,
not a deposition of Bowles in his individual capacity.

Finally, Defendants argue that they are entitled, by the Court's May 7, 2008 order, to know "the facts and materials provided to Bowles by State Farm's counsel in preparation for his deposition in regard to the questions which he was instructed not to answer."  Id.  Defendants are referred to the Court's May 7, 2008 memorandum and order:

> "It is important to distinguish between facts learned by a lawyer, a memorandum or document containing those facts prepared by the lawyer, and the lawyer's mental impressions of the facts.  The facts are discoverable if relevant.  The document prepared by the lawyer stating the facts is not discoverable absent a showing required by Federal Rule of Civil Procedure 26(b)(3)."

New Horizont, 250 F.R.D. at 215 (quoting Protective, 137 F.R.D. at 278 n.1, 281).  As explained above, Defendants have had the opportunity through two Rule 30(b)(6) depositions to discover relevant facts to which they are entitled.  Defendants have not shown that they are entitled to discovery of the work-product-protected materials provided to Bowles by counsel.

In sum, Defendants have failed to demonstrate any "good cause" for the deposition of Bowles as an individual.[3]

---

[3]   Even if Defendants' notice of deposition satisfied Rule 26(b)(1), "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  Fed. R. Civ. P. 26(b)(1).  Under that rule, "the Court must limit discovery" if it determines that, inter alia, "the discovery sought is unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C).  Here, Defendants' notice of deposition is overbroad as to both the testimony to be taken and documents to be produced.  It states that testimony must be provided "on matters related to this litigation, including, but not limited to [certain

Accordingly, Plaintiffs' motion for protective order (doc. no. 387) has been granted.[4]

III. MOTION FOR PROTECTIVE ORDER: RULE 30(B)(6)[5]

As explained above, Defendants have taken two Rule 30(b)(6) depositions of State Farm in this case: one through

---

examples]." Def.'s Mot. to Compel, Ex. 2.  The documents required include "[a]ny and all discovery responses, including but not limited to . . . actions, other than the instant action, for the period from 1998 to 2008."  Id.  These categories are unreasonably overbroad, and even if "good cause" existed for the deposition, the scope of the deposition would have to be narrowed.  The notice of deposition also improperly seeks, by May 22, 2008, the documents identified in an already-served May 13, 2008 document request.  See id.  Requesting on short notice documents that are already the subject of a pending document request is nothing more than an end-run around Rule 34(b)(2)(A), which allows 30 days to respond to document requests.

[4]   Defendants' motion to compel is the mirror-image of State Farm's motion for a protective order.  Because the motion for a protective order has been granted, Defendants' motion to compel has been denied as moot.  When a motion to compel is denied, the Court must impose sanctions in the amount of the fees and costs associated with responding to the motion unless the motion was "substantially justified" or it would be otherwise "unjust" to impose sanctions.  See Fed. R. Civ. P. 37(a)(5)(B).  Here, because there is a genuine dispute between the parties as to the propriety of Bowles's deposition, the motion to compel was substantially justified, and sanctions are not warranted.

[5]   Plaintiffs have sought a protective order only with respect to Defendants' May 20, 2008 notice of deposition (see doc. no. 381), but have opposed Defendants' Mots. to Compel the October 1, 2008 and October 2, 2008 notices (see doc. nos. 407 & 409).  In this section, the Court will address only the May 20, 2008 notice of deposition, which is the subject of Plaintiffs' motion for a protective order (doc. no 381).  For a discussion of the October 1, 2008 and October 2, 2008 notices of deposition, and the related motions to compel (doc. no. 400 & 401), see infra Part IV.

Austin Bowles on June 6, 2007, and another through John Costanzo on June 11, 2008.  Defendants, by their May 20, 2008 notice of deposition, now seek an additional Rule 30(b)(6) deposition, arguing that the questioning at the previous two depositions focused only on State Farm's fraud claims, and that additional questioning is required relating to State Farm's claims for conspiracy and unjust enrichment.  Because the deposition sought by Defendants would be the third deposition of State Farm, the Court must first determine whether repeated depositions of party should be permitted, in accordance with Federal Rule of Civil Procedure 30(a)(2)(A)(ii).

     A.   <u>Rule 30(a)(2)(A)(ii)</u>

       A party need not normally obtain leave of court to take a deposition.  Fed. R. Civ. P. 30(a)(1).  The exceptions to this rule include the following:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
>     (A) if the parties have not stipulated to the deposition and:
>
>         (i) the deposition would result in more than 10 depositions being taken under this rule . . . by the plaintiffs, or by the defendants, or by the third-party defendants; [or]
>
>         (ii) the deponent has already been deposed in the case; . . .

Fed. R. Civ. P. 30(a)(2).

-12-

There is some disagreement as to whether the leave requirement in Rule 30(a)(2)(A)(ii) applies if a party seeks a second Rule 30(b)(6) deposition of a corporate party that has already been deposed.  The text of the rule and the advisory committee notes are silent on the relationship between Rule 30(a)(2)(A)(ii) and 30(b)(6).  In contrast, regarding the immediately previous subsection allowing for a limit of 10 depositions without leave, the notes state: "A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify."  Fed. R. Civ. P. 30(a)(2)(A) advisory committee's note (1993).[6]

Reasoning from this note that "Rule 30(b)(6) depositions are different," at least one court has held that leave of court is not required when seeking a second Rule 30(b)(6) deposition of a corporate party who has already been deposed.  See Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH, 212 F.R.D. 313, 319 (E.D.N.C. 2002); see also Kimberly-Clark Corp. v. Tyco Healthcare Retail Group, No. 05-985, 2007 WL 601837, at *3 n.1 (granting leave but noting that "there is some question about whether leave of court is even required").

---

[6]    The most recent revision of the Federal Rules resulted in the renumbering of these sections.  The 10-deposition limit, currently Rule 30(a)(2)(A)(i), was formerly 30(a)(2)(A).  The second-deposition restriction, currently 30(a)(2)(A)(ii), was formerly 30(a)(2)(B).

Other courts, however, have held to the contrary.  See
Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d
189, 192 (1st Cir. 2001) (holding that it was not plainly wrong
for the district court to quash a Rule 30(b)(6) subpoena when
leave was not obtained); In re Sulfuric Acid Antitrust Litig.,
No. 03-4576, 2005 WL 1994105, at *3-6 (N.D. Ill. Aug. 19, 2005)
(following Ameristar Jet, rejecting Quality Aero, and citing 7
Moore's Federal Practice § 30.05(1)(c)).  Among these courts is
the only court in this circuit to address the issue.  In Sunny
Isle Shopping Ctr., Inc. v. Xtra Super Food Cents. Inc., the
Court noted in a footnote order that Rule 30(a)(2)(A)(ii) "has
been held applicable to corporate depositions noticed pursuant to
Rule 30(b)(6)."  No. 98-154, 2002 WL 32349792, at *1 (D.V.I. July
24, 2002) (following Ameristar Jet).

The latter view appears to be the better one.  Neither
the text of the rule nor the committee's note exempts Rule
30(b)(6) depositions from the leave requirement in the event of a
second deposition of a party already deposed.  Rather, the notes
state only that a Rule 30(b)(6) deposition should be treated as
one deposition, no matter how many designees testify, for
purposes of the 10-deposition limit.  This limitation has a
readily discernable logic, as large corporations with voluminous
and complex documents may require testimony from multiple
officers and custodians to provide comprehensive testimony

-14-

regarding all matters "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  Thus, a contrary rule would place an unfair constraint on the number of depositions allowed to parties needing to conduct Rule 30(b)(6) depositions.

The same cannot be said for Rule 30(a)(2)(A)(ii).  The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations.  Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual.  In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony.  In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.  In short, the unfairness that manifests under Rule 30(a)(2)(A)(i), justifying an exception to the 10-deposition limit, does not manifest under Rule 30(a)(2)(A)(ii).

Here, Defendants have not sought leave of court to conduct an additional deposition of State Farm;[7] thus the May 20, 2008 notice of deposition was improper.  Plaintiffs' motion for

---

[7]    Leave was not required to conduct the second Rule 30(b)(6) deposition because it was ordered by the Court.  See New Horizont, 250 F.R.D. at 216.

-15-

protective order with respect to the May 20, 2008 notice could be granted on that basis.  In the interest of efficiency, however, and in order to turn the litigation back to the merits, the Court will address the appropriateness of the discovery requested as if Defendants had sought leave of court.

    B.    Rule 26(b)(2)(C)

        The Court may only grant leave to conduct multiple depositions of a single organization "to the extent consistent with Rule 26(b)(2)."  See Fed. R. Civ. P. 30(a)(2).

        Rule 26(b)(2) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); see also Melhorn v. N.J. Transit Rail Operations, Inc., 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for doing so, a

-16-

deponent should not be required to appear for a second
deposition.").

At the July 14, 2008 hearing, when asked why State Farm
was not asked questions in connection with its non-fraud claims
at the two prior Rule 30(b)(6) depositions, defense counsel
responded as follows:

> [T]his is a very complex matter.  The way we decided to
> proceed is, <u>we decided to take the fraudulent issues
> which were related to the four counts of the complaint
> first, then see what happens</u> and then, you know, seek
> depositions on the other three counts of the complaints
> which are RICO conspiracy, unjust enrichment, and
> restitution which are side issues really.  <u>We just
> simply decided to proceed in that manner</u>.

Hr'g Tr. 19:2-10, July 14, 2008.

The justification provided is insufficient.  Defense
counsel provides <u>no</u> reason, let alone a good reason, why the
questions relating to State Farm's non-fraud claims were not
noticed at the previous two Rule 30(b)(6) depositions; Defendants
simply chose to proceed in such a manner.  However, the Federal
Rules do not contemplate the "wait-and-see" approach to discovery
taken by Defendants.  Such an idiosyncratic approach would permit
Defendants, without having demonstrated any good cause for doing
so, to avoid drafting a comprehensive notice of deposition and
instead conduct depositions seriatim, thereby shifting costs to
the opposing side, which would be forced to expend resources
preparing for several Rule 30(b)(6) depositions, instead of one.

Therefore, the Court cannot grant Defendants leave to

conduct additional Rule 30(b)(6) depositions of State Farm, as
"the party seeking discovery has had ample opportunity to obtain
the information by discovery in the action," and has not provided
a good reason for failing to do so.  Fed. R. Civ. P. 26(b)(2)(C).
Accordingly, Plaintiffs' motion for protective order (doc. no.
381) has been granted.

        C.   Motion for Reconsideration

        Defendants now seek reconsideration of the Court's July
16, 2008 order to the extent that it granted State Farm's motion
for a protective order precluding an additional Rule 30(b)(6)
deposition of State Farm.  A motion for reconsideration, however,
may be granted only under certain circumstances:

> The purpose of a motion for reconsideration, we have
> held, is to correct manifest errors of law or fact or
> to present newly discovered evidence.  Accordingly, a
> judgment may be altered or amended if the party seeking
> reconsideration shows at least one of the following
> grounds: (1) an intervening change in the controlling
> law; (2) the availability of new evidence that was not
> available when the court granted the motion for summary
> judgment; or (3) the need to correct a clear error of
> law or fact or to prevent manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999) (internal citations and quotations
omitted).  "[A] motion for reconsideration addresses only factual
and legal matters that the Court may have overlooked.  It is
improper on a motion for reconsideration to ask the Court to
rethink what it had already thought through--rightly or wrongly."

-18-

Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122
(E.D. Pa. 1993) (quotation omitted).

Defendants argue that the Court has overlooked the
cases permitting multiple Rule 30(b)(6) depositions of a party.
The Court did not overlook these cases; in fact, they are the
very same cases upon which Defendants based their arguments at
the hearing on the motion for protective order.  Accordingly,
because they have already been considered by the Court, these
cases are not a proper basis for reconsideration.

Defendants additionally argue that State Farm's abuse
of the discovery process has necessitated their strategy of
taking depositions seriatim.  Defendants further argue that State
Farm acquiesced to additional Rule 30(b)(6) depositions, pointing
to a July 19, 2007 letter from counsel for State Farm stating
that "Defendants are free to draft a new corporate designee
notice on [the issues of reliance and damages] pursuant to Rule
30(b)(6)."  Def.'s Mot. for Recons., Ex. 1.  Defendants finally
point to the delay caused in this case by State Farm's abuse of
the discovery process, including its failure to prepare Bowles
for deposition.

The conduct of the parties in this case has not been a
shining example of the discovery process.  However, State Farm's
delay in providing discovery relating to its fraud claims does
not explain why Defendants did not even attempt to obtain

-19-

discovery on State Farm's non-fraud claims until such a late date.  In other words, even accepting that State Farm's conduct during the discovery period violated the Federal Rules of Civil Procedure, for which they were sanctioned previously (see, e.g., 5/7/08 Order at 37 (doc. no. 374)), this does not explain why Defendants, having served their first Rule 30(b)(6) deposition notice on November 1, 2006, then waited until May 20, 2008, to serve a Rule 30(b)(6) deposition notice addressing non-fraud issues.  The fact that counsel for State Farm suggested in a July 19, 2007 letter that Defendants notice an additional Rule 30(b)(6) deposition did not entitle Defendants to wait nearly a year before noticing that deposition or give Defendants carte blanche to indiscriminately notice multiple Rule 30(b)(6) depositions.[8]

Rather, the only explanation for Defendants' delay in seeking these Rule 30(b)(6) depositions appears to be the one offered by defense counsel at the July 14, 2008 hearing on the motion for protective order: "We just simply decided to proceed in that manner."  Hr'g Tr. 19:2-10, July 14, 2008.  Accordingly, Defendants' motion for reconsideration (doc. no. 398) will be

---

[8]    In Plaintiffs' response to Defendants' motion for reconsideration, Plaintiffs dispute Defendants' characterization of their July 19, 2007 letter, noting that "[b]y suggesting a new notice Plaintiffs were not waiving their objections to said notice, but rather advising opposing counsel of their position."  Pl.'s Resp. Defs.' Mot. to Recons. 9 (doc. no. 399).

denied.


IV.  MOTIONS TO COMPEL: OCTOBER 1, 2008 AND OCTOBER 2, 2008

     NOTICES

          On October 1, 2008 and October 2, 2008, Defendants

noticed yet another 30(b)(6) deposition, this time on the

previously unexamined areas of reliance, damages and proximate

cause.  On October 14, 2008 and October 16, 2008, Defendants

filed motions to compel this last minute deposition (doc. nos.

400 & 401).  On October 27, 2008 and October 30, 2008, Plaintiffs

filed their responses to Defendants' motions to compel (doc. nos.

407 & 409), which seek an award of the costs they have incurred

in responding to Defendants' October notices and motions,

pursuant to Fed. R. Civ. P. 37(a)(5)(B).  <u>See, e.g.</u>, Pls.' Resp.

to Defs.' Mot. to Compel 3 (doc. no. 407).

          Defendants, by their October notices of deposition,

seek an opportunity to depose State Farm's Rule 30(b)(6) designee

for the fourth time.  This will not be permitted.  Again,

Defendants issued the October notices of deposition without

either seeking leave of the Court or demonstrating good cause.

Specifically, Defendants have failed to explain to the Court why

they waited until October 1, 2008 - just thirteen days before the

lengthy discovery phase was scheduled to conclude - to begin to

explore with a State Farm Rule 30(b)(6) designee the issues of

                              -21-

reliance, damages, and proximate cause.  Rather, in their motion
to compel, Defendants repeat their earlier argument that they are
entitled to notice "several depositions of corporate designees on
different subjects" and further state that they "should not be
penalized for choosing such a strategy by no fault of their own."
Defs.' Mot. to Compel 2 (doc. no. 400).  Defendants' proffered
justification is inadequate and their newest motions to compel
(doc. nos. 400 & 401), will be denied.[9]  An appropriate order
follows.[10]


IV.  CONCLUSION

        The Court has granted Plaintiffs' motions for
protective order (doc. nos. 381, 387), and has denied as moot
Defendants' motion to compel (doc. no. 377).  Defendants' motion

_____

        [9]    As discussed above, the "wait-and-see" approach to
noticing Rule 30(b)(6) depositions that Defendants' urge this
Court to adopt is not contemplated by the Federal Rules and would
have significant negative implications on the costs of discovery.
(See supra Part III.B.)

        [10]   Sanctions will not be awarded in this instance.  See
supra n.4 (noting that "when a motion to compel is denied, the
Court must impose sanctions in the amount of the fees and costs
associated with responding to the motion unless the motion was
'substantially justified' or it would be otherwise 'unjust' to
impose sanctions" (quoting Fed. R. Civ. P. 37(a)(5)(B))).  Here,
Defendants' motions to compel were substantially justified
because they were brought while their motion for reconsideration
was pending before the Court.  Thus, Defendants have a colorable
argument that, at the time they filed the instant motions, the
propriety of additional Rule 30(b)(6) depositions of State Farm
was yet to be ruled on by the Court.

for reconsideration (doc. no. 398) and Defendants' motions to
compel an additional Rule 30(b)(6) deposition (doc. nos. 400 &
401) will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE  :   CIVIL ACTION
INSURANCE CO. et al.,         :   NO. 03-6516
                              :
            Plaintiffs,       :
                              :
        v.                    :
                              :
NEW HORIZONT, INC. et al.,    :
                              :
            Defendants.       :

_____    **O R D E R**

      **AND NOW,** this **25th** day of **November, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendants' motion for reconsideration (doc. no. 398) is **DENIED with prejudice.**

      **IT IS FURTHER ORDERED** that Defendants' motion to compel additional 30(b)(6) depositions (doc. nos. 400 & 401) are **DENIED with prejudice.**

      **AND IT IS SO ORDERED.**

        S/Eduardo C. Robreno
        **EDUARDO C. ROBRENO, J.**